# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42ⁿᵈ Street, 4510                                                   Telephone: (212) 317-1200
New York, New York 10165                                               Facsimile: (212) 317-1620
————

jandrophy@faillacelaw.com

**BY ECF**

Honorable Katherine Polk Failla
United States District Judge
United States Courthouse
40 Centre Street
New York, NY 10007

Re:                          Mayahua Cuahua v. 2800 Restaurant Corp. et al.
                                18-cv-10680 (KPF)


Dear Judge Failla:

This office represents Plaintiffs Gaspar Mayahua Cuahua, Javier Zopiyactle Cuahua, Sergio Cuahua Mayahua, and Rigoberto Tetlactle Tepole in the above referenced matter. The parties have agreed to a negotiated settlement ("Agreement"). A copy of the Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## **BACKGROUND**

Plaintiffs filed a Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

*Certified as a minority-owned business in the State of New York*

## SETTLEMENT TERMS

Plaintiffs allege that collectively they would be entitled to back wages of approximately $55,000.00 as their best case scenario. However, in order to avoid the inherent risks of protracted litigation, the parties have agreed to settle this action for the total sum of $37,500.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Here, there were disputes over whether the Plaintiffs worked the number of hours they alleged, and the amount and manner of their wages paid. There was a general lack of records, and a finder of fact would have been faced with determining the facts based on competing testimony. This presented considerable uncertainty for both sides.

A more significant fact for settlement was the fact that the restaurant, Manchester Diner, which employed Plaintiffs had closed for good in February 2019. This fact, and the implications it would have on any judgment collection efforts, was a primary motivation for Plaintiffs to accept a lesser settlement than they likely would have if the restaurant was in operation. In light of the closing of the restaurant, Plaintiffs view a settlement in the amount of $37,500 as an exceptional result under the circumstances.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive a total of $12,767.01 comprised of $12,367.00 (one-third of $37,100; the $37,500 settlement after subtracting $400 in costs) from the settlement as attorneys' fees and costs of $400.00 which represents costs actually incurred by counsel in litigating this action (filing fees).

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Courts in this Circuit typically award attorneys' fees on one third of the settlement. *See Hyun v. Ippudo USA Holdings*, 14-cv-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, *7 (S.D.N.Y. March 24, 2016) ("Fee awards representing one third of the total recovery are common in this District") (quoting *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187 (AJN), 2015 U.S. Dist. LEXIS 162243, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015)); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). Counsel's lodestar is $4,275.00 in attorneys' fees and $400 in costs[1], making the fee counsel will receive under the agreement reasonable in light of their lodestar – less than 3 times the lodestar. The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

- Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, Faillace was in-house Employment Counsel with International Business Machines

---

[1] A copy of Plaintiff's counsel's billing record is attached as Exhibit B.

Corporation (IBM).  Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. Faillace also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.  His work is indicated by the initials "MF."

- Mr. Androphy is senior attorney at Michael Faillace & Associates, P.C.  His time is billed at an hourly rate of $400.00.  This is his standard rate for matters on which his work is billed at an hourly rate.  Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems.  Following law school, Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, Androphy has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court.  Androphy has been named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, 2018, and 2019 for employment litigation.  He has served as lead trial attorney on over twenty wage and hour trials in federal court since joining Michael Faillace & Associates, P.C.  His work is indicated by the initials "JA."

- Worked performed by paralegals is billed at the rate of $100 per hour and indicated by the initials "PL."

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").  While the allocated attorneys' fees will be approximately three times the lodestar amount, this is in large part because this action was successfully settled at an early mediation, before discovery began.  Given the circumstances of this action, where the defendants' business had closed, it is likely that expending additional attorney time in court conferences and discovery would not have benefitted the Plaintiffs at all, and would only have delayed resolution of the case for the same or a lesser amount.  Reducing the attorneys' fees allocation would undermine the goals of referring actions such as this to mediation before an initial conference.

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.


Respectfully Submitted,

/s/ Joshua S. Androphy

Joshua S. Androphy


Encls.